IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRI LEVY and HELEN ARMSTRONG,

      Plaintiffs,

vs.                                        Civil No. 09-987 WLP/RLP

COSTCO WHOLESALE CORPORATION, a
foreign corporation; CLUB DEMONSTRATION
SERVICES, INC., a foreign corporation;
MIGUEL CANEZ; and JANE DOE,

      Defendants.

## Memorandum Opinion and Order

**THIS MATTER** comes before the court on Plaintiffs' Motion to Compel discovery from Defendant Costco Wholesale Corporation ("Costco" herein).  [Docket No. 58].  At issue are Costco's Answers to Interrogatories numbered 8 and 9 and Responses to Requests for Production numbered 8, 9, 16, 17, 21, 29, 31, 35, 41, 42 and 43.  **The Motion is hereby granted in part and denied in part.**

## I.    Backgound.

Plaintiffs allege  premises liability against Costco, contending that on February 9, 2008, Plaintiff Levy "slipped and fell on a negligently placed and negligently secured mat, with an orange power cord hidden underneath the mat" while shopping at Costco's warehouse.  Plaintiffs also allege negligent supervision, hiring, retention, inspection and safety practices.  Plaintiff's originally sued Costco and a "John Doe" Costco employee.  During the course of discovery Costco implicated another entity, Club Demonstration Services, Inc., ("CDS" herein) as responsible for placement of the mat and cord of the day of the accident.[1]

---

[1]In answer to Interrogatory No. 19, Costco stated that CDS employees had placed the mat and cord.  (Docket No. 67, Ex. 6).  An amended complaint adding CDS was filed on March 11, 2010.  CDS

II.     **Legal Standard.**

Pursuant to Fed.R.Civ.P. 26(b), parties are entitled to discovery on any matter "relevant to the subject matter involved in the pending action." Relevancy under Rule 26 is extremely broad. In re Surety Assoc. of America, 388 F.2d 412, 414 (2nd Cir.1967).  Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure ." Simpson v. Univ. of Colorado, 220 F.R.D. 354, 356 (D.Colo.2004) (citations omitted); see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 685 (D.Kan.1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome"). Further, the objecting party cannot "sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." Id. (citation omitted).  However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. See Paradigm Alliance, Inc. v. Celeritas Tech., LLC, 2008 WL 678700, at *2 (D.Kan. Mar. 7, 2008) (unpublished decision) (citation omitted).

---

answered the Complaint on April 29, 2010.

**III.     Discussion**

**A**.     **Interrogatory No. 8.**

**Interrogatory No. 8** asked Costo to describe all actions (repairs, work, inspections and the like) taken to correct any deficiencies and/or problems at the subject location from January 1, 2007 to December 31, 2009.  These dates are approximately one year prior to and one year after Mrs. Levy's fall.

Costco objected, stating that the interrogatory was over broad in terms of time (no alternate time frame is posited), location (entire warehouse), vagueness (Costco does not understand the terms "work," "inspection" and "the like") and that the information sought related to subsequent remedial measures, postdating the incident at issue.  Without "waiving" these objections, Costco answered that "the area where Ms. Levy fell had not been 'worked on' or repaired during the dates listed in the interrogatory," and that the mat and cord were removed after Ms. Levy's fall.

Despite its objections, Costco has answered Interrogatory No. 8, with regard to "repairs" and "work."   Inspection of the area is addressed in Interrogatory No. 9. No further answer to Interrogatory No. 8 is required.

**B.     Interrogatory No. 9.**

**Interrogatory No. 9** asked Costco to describe how often the subject location was maintained, inspected, and/or examined, and what steps and/or procedures were used to maintain, inspect or examine the location for dangerous conditions, from Jan. 1, 2007 to Dec. 31, 2008.

Costco raised the same objections as it raised to Interrogatory No. 8, and then answered the Interrogatory by referring to its answer to Interrogatory No. 7, "wherein it discusses the 'floor-walk' process."   Plaintiffs attached portions of the Interrogatory Answers to their Motion.  Only the last 1 ½ sentences of Costco's answer to Interrogatory No. 7 is included.  This portion of the answer

refers to "floor-walks" which were documented in a log, which has apparently been produced for the day of Mrs. Levy's fall.[2]

Inspections of the public areas of the Costco warehouse are relevant to the claims and defenses raised in this matter.  Costco's unilateral decision to limit production of "floor-walk" logs to the day of the accident is insufficient.  Costco has not carried its burden of showing why production of floor-walk logs for the public areas of the warehouse would be overly burdensome. Although such logs post-dating Plaintiff's accident may reveal subsequent remedial measures, they may also reveal evidence relating to issues of control or feasibility of precautionary measures admissible under Fed.R.Ev. 407.

Costco shall produce floor-walk logs for the public areas of the Costco warehouse from from Jan. 1, 2007 through December 31, 2008 within fourteen [14] days of the date of this Order.

**C.     Requests for Production No. 8 and 21.**

**Request for Production No. 8** seeks all documents and tangible items Costco believes substantiates any of its defenses.  **Request for Production No 21** seeks all documents showing agreements, contracts, understandings and the like regarding who was responsible for safety and/or for maintenance at the Costco site from Jan. 1 2007 to Dec. 31 2008.

Plaintiffs address these Requests together, and argue that they are seeking the contract between CDS and Costco, which may be relevant if issues of indemnity or negligence are addressed, or if the contract is silent as to those issues.

---

[2]In a letter to Plaintiffs' counsel dated April 14, 2010, Costco's counsel stated: ". . . Costco also stated in its Answer to interrogatory No. 9 that, prior to the accident, floor walks had been performed, as evidenced by the floor walk log from the day of the accident, which was produced.  The floor walk process was described in Answer to Interrogatory No 7 and a summary of the process was produced under Response to Request No. 19."  (Docket No. 58, Ex. 4).

Costco raised numerous objections to these Requests for Production, but in the brief submitted to the court states without elaboration  that its agreement with CDS is irrelevant and proprietary.  No affidavit substantiating these assertions was submitted to the court.

Costco has not carried its burden of showing that its agreement with CDS is irrelevant.  To the extent Costco infers that it is entitled to a protective order based on its contention that the contract is proprietary, it had the burden of doing more than simply claiming that it is proprietary and confidential.  Reed v. Bennett 193 FRD 689,  691 (D. Kan. 2000).

Costco will produce its contract with CDS within fourteen [14] days of the date of this Order.

**D.     Requests for Production 9 and 17.**

**Request for Production No 9** seeks all documents related to the investigation conducted by Costco into the accident or of the Plaintiffs. **Request for Production No 17** seeks all reports, statements, notes, letters, memoranda and/or e-mails of any nature relating to the investigation and/or cause of the accident, other than attorney notes and attorney-client communications.

Plaintiffs address these Requests together, and argue that they are entitled to all documents generated from the date of the accident until Costo hired counsel, referring specifically to any documents prepared by adjusters if they were not gathered or produced at the direction of counsel. Costco represents that with the exception of documents referenced in its privilege log, it has produced "all other non-opinion work product contained in (its) adjustors' files . . . (including) correspondence from/to Plaintiff's counsel, copies of the recorded statement of Plaintiffs, the Costco Warehouse Incident Report, copies of Witness reports of the incident, floor walk sheets form the date of the incident, photographs of the incident scene, Plaintiff Levy's medical records. . .and correspondence to Plaintiff."  (Docket No. 63, p. 7).

Costco objected to production of a portion of its adjustors' files.  The privilege log attached

as Ex. 1 to Costco's Response Brief lists the following:

| Date | Privilege | Description |
|------|-----------|-------------|
| 02/12/08 to the present | Opinion Work product | Examiner notes by Tammi Clark of Sedgwick CMS Costco Claims Service Center, Eric Hoffman of Gallagher Bassett Services,Inc., on behalf of Costco Wholesale (starting 4/22/09), and Mary Elmore (also of GB, starting 10/6/09) **Note: receipt of letter of representation by Ms. Levy's attorney on 2/20/08.** Such notes include strategies, liability analysis and reserves analysis |
| 05/19/09 | Opinion Work product | Facsimile cover sheets (2) and accompanying communication from Claims Examiner Eric Hoffman of Gallagher Bassett Services, Inc. For Costco Claims, to Norma Lufkin of Costco regarding analysis and opinion on claim (4). |
| **5/27/09 RETENTION OF DEFENSE COUNSEL** | | |

(Emphasis in the original).

Work product immunity from discovery is governed by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3). Frontier Refining Inc. V. Gorman-Rupp Co., Inc., 136 F.3d 695, 702 n 10 (10th Cir. 1998). The doctrine only exempts material and information compiled in the reasonable anticipation of a civil action or proceedings. Colorado v. Schmitd-Tiago Construction Co., 108 F.R.D. 731, 734 (D.Co. 1985)(citing Hernandez v. Alexander, 671 F.2d 402, 408 (10th Cir. 1982). It does not protect materials prepared in the "ordinary course of business." Western Nat'l Bank v. Employers Ins. of Wausau, 109 F.R.D. 55, 57 (D.Colo.1985 ). Insurance or adjusting companies' factual investigations of third party claims may be entitled to protection from discovery under the work-product doctrine, provided that there was a substantial probability of imminent litigation over the claim. Weitzman v. Blazing Pedals, Inc., 151 F.R.D. 125, 127(D. Colo. 1993).

Costco has the burden of making a clear showing that the work product doctrine applies,

Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984) *cert. denied* 469 UJ.S.

1199 (1985), and must provide the Court with enough information to enable it to determine

applicability of the privilege.   Nutmeg Ins. Co. v. Atwell, Vogel & Sterling, 120 F.R.D. 504, 510

(W.D.La. 1988).   If Costco makes an adequate showing, the burden shifts to Plaintiffs to show

substantial need of the materials, and that they are unable without undue hardship to obtain the

substantial equivalent of the material by other means.   Lee v. State farm Mut. Auto. Ins. Co., 249

F.R.D. 662 (D. Colo. 2008).   Because Costco did not list each document individually, I find that

its privilege log does not provide the Court with sufficient information to determine the applicability

of work product immunity from discovery for those documents listed.   Costco shall provide

opposing counsel and the court with a privilege log  within seven (7) days of the date of this Order

which at a minimum provides the following information:

        a.        A  description of each document (i.e. correspondence, memorandum, etc.);

        b.        The date each document was prepared or the date each notation was made;

        c.        Date of document (if different from (b));

        d.        Who prepared each document or made notations on each document;

        e.        For whom each document was prepared and to whom each document was directed;

        f.        The purpose of preparing each document or making each notation;

        g.        The number of pages of each document; and

        h.        The basis for withholding discovery.

**D.**    **Requests for Production 16 and 29**.

   **Request for Production No 16** seeks all work assignment schedules for all contractors and

employees for each day of operation from November 9, 2007 through May 9, 2008.  **Request for**

**Production No 29** seeks all work schedules pertaining to the subject Costco from February 1, 2008

to February 29, 2008.

Plaintiffs address these Requests together, and argue that the information sought is relevant to determining why Costco's floor walkers failed to see the mat and cord that tripped Plaintiff Levy, whether Costco was shorthanded on the day of the accident, and in order to identify people who may have information about what happened. Costco identified and produced the work schedules of all employees who performed "floor walks" on the day of the accident, and identified the warehouse manager and assistant manager. It contends that beyond this the Request is burdensome, overly broad and not calculated to lead to the discovery of admissible evidence.

I find that Requests for Production 16 and 29 are facially overly broad both in terms of time frame and location. The only area of the warehouse at issue is the public area, and more particularly, the public areas where demonstrations were set up. The only date at issue is the date of the accident. No further Response to Requests for Production 16 and 29 is required.

**E.      Request for Production No. 31**.

**Request for Production No. 31** seeks the minutes of every safety meeting pertaining to the subject Costco from January 1, 2007 to December 31, 2008. Plaintiff contends that any discussion of prior slip and falls, prior issues with mats and cords, prior safety issues involving CDS employees or related issues would be relevant to the issue of prior knowledge, as would be failure to address Plaintiff Levy's slip and fall. Costco contends that the information sought is irrelevant and pertains solely to inadmissible subsequent remedial measures.

I find that Request for Production No 31 is overbroad in that it seeks information unrelated to slip and fall accidents/injuries to the public, but otherwise does seek information relevant to the parties' claims and defenses for purposes of applying Fed.R.Civ.P. 26(b)(1).

Costco shall produce minutes of safety meetings from January 1, 2007 to December 31,

2008, which address  slip and fall accidents/injuries to the public, prior issues with mats and cords,

or prior safety issues involving CDS employees, within fourteen (14) days of the date of the Order.

Costco shall redact the names and other identifying information related to the identity of any person

injured, to protect the privacy of that person.  Costco may seek to raise by appropriate Motion in

Limine exclusion at trial of any evidence  it contends should be excluded pursuant to Rule 407 of

the Federal Rules of Evidence.

**F.      Request for Production No. 35.**

  The full text of **Request for Production No 35** and Costco's response was not provided to

the Court.  (Docket No. 58, Ex. 2).  The parties appear to agree, however,  that at issue is whether

Costco must produce the personnel files, evaluations and reprimands of its employees "who caused

the unsafe condition." Plaintiff identifies these employees as "the sued party"(apparently Miguel

Canez), his supervisor (Marquez) and the floor walkers who missed the dangerous condition.

(Docket No. 59, p. 9).  Plaintiffs contend that production of personnel files is reasonable in cases

involved allegations of negligent hiring and retention.  Costo responds that no Costco employee was

reprimanded or written up for the incident at issue, and that

> Costco's counsel confirmed none of the employee's have been suspended,
> reprimanded, or issued any warning for any safety issues, poor attention to detail, or
> poor supervision.   Moreover, that none of their evaluations contained any
> concerns/issues regarding the employees' handling of safety at the Warehouse for
> member safety.  In fact, there were no documents related to any concerns or issues
> regarding an employee's handling of any safety issues.

(Docket No. 63, p. 10).

  Personnel files generally contain information, such as health benefits and retirement election,

and pay increases and awards, in which the employee has an expectation of privacy, and would be

clearly irrelevant to the issues in this action. To the extent, however that the personnel files of Mr.

Canez, Mr. Marquez and floor walkers contain job performance evaluations, I find that they are relevant, or reasonably calculated to lead to the discovery of admissible evidence.

Costco will produce the job performance evaluations of Mr. Canez, Mr. Marquez and floor walkers within fourteen (14) days of the date of this Order. Costco shall redact from such production the social security numbers of these employees.

**G.      Request for Production No. 41.**

**Request for Production No. 41** seeks all work and/or job evaluation of each person who placed the mat and cord on which Ms. Levy slipped.

Costco's response to this request indicated that it had not determined who placed the mat an cord. (Docket No. 58, Ex. 2) and identified employees of CDS as having placed the mat and cord. (Docket No. 58, Ex. 1). No further response to Request for Production No. 41 is required.

**H.      Requests for Production No. 42 and 43.**

**Request for Production No. 42** seeks all evaluations of the supervisors on duty at the time of the subject accident. **Request for Production No. 43** seeks all documents evidencing any termination, suspension and warnings (oral and/or written) of all employees on duty at the time of Ms. Levy's accident.

Requests for Production 42 and 43 are overbroad on their face. No further response is required.

      **IT IS SO ORDERED.**

_____
Richard L. Puglisi
Chief United States Magistrate Judge