IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TERRI LEVY and HELEN ARMSTRONG,**

    **Plaintiff,**

**vs.**                                                  **Civil No. 09-987 WPL/RLP**

**COSTCO WHOLESALE CORPORATION, a
foreign corporation; CLUB DEMONSTRATION
SERVICES, INC., a foreign corporation;
MIGUEL CANEZ; and JANE DOE,**

    **Defendants.**

## ORDER

I.    Background.

On April 20, 2010, Plaintiffs' filed a Motion to Compel discovery from Defendant Costco. (Docket No. 58). Two of the requests for production served on Costco sought all documents related to the investigation conducted by Costco into the accident at issue or of the Plaintiffs (Request for Production No. 9) and all reports, statements, notes, letters, memoranda and/or e-mails of any nature relating to the investigation and/or cause of the accident, other than attorney notes and attorney client communications. (Request for Production No. 17). Plaintiff argued that they were entitled to production of all documents generated by Costco's insurance adjustors, not gathered or produced at the direction of counsel. Costco objected to these requests, and attached a privilege log claiming "Opinion Work Product" privilege for the files of its insurance adjustor. (Docket No. 63, Ex. 1).

In its Order dated June 7, 2010, this court found Costco's privilege log inadequate for evaluation of its work product privilege claim, and ordered Costco to provide a revised privilege log. (Docket No. 74). Upon review of the revised privilege log, this court again found the log inadequate for the determination of the applicability of the work product privilege, and ordered Costco to

submit its insurance adjustor's files for *in camera* inspection. (Docket No. 80). The court has done so.

II.     Discussion

The fact that a defendant anticipates litigation resulting from an incident does not automatically insulate investigative reports and the like from discovery as work-product. <u>Wikel v. Wal-Mart Stores, Inc.</u>, 197 F.R.D. 493, 495 (N.D.Okla.2000).

> [E]ven if litigation is imminent, there is no work product immunity for documents prepared in the ordinary course of business rather than for litigation purposes. . .
>
> As for "anticipation of litigation," court have made clear that, because litigation can be anticipated at the time almost any incident occurs, a "substantial and significant threat of litigation" is required before a discovery opponent's anticipation will be considered reasonable and justifiable motivation for production of a document. Demonstration of a substantial and significant threat requires a showing of objective facts establishing an identifiable resolve to litigate. The fact that litigation ensues or that a party retains an attorney, initiates an investigation, or engages in negotiations over a claim, is not dispositive of the issue of whether litigation was anticipated.

<u>Trujillo v. Board of Education of the Albuquerque Public Schools</u>, 2007 WL 1306593, *6 (D. N.M.), <u>citing</u> <u>Allen v. Chicago Transit Authority</u>, 198 F.R.D. 495, 500 (N.D. Ill. 2001).

Costco's claim of work product privilege depends upon whether the materials in its insurance adjustor's files, which it seeks to protect from discovery, were prepared in anticipation of litigation; that is, whether there was a substantial probability of imminent litigation over the claim when the documents were prepared. <u>Weizman v. Blazing Pedals, Inc.</u>, 151 F.R.D. 125, 127 (D. Colo. 1993). Documents prepared by the insurance adjustor in the ordinary course of business are not protected. <u>Western Nat. Bank of Denver v. Employers Ins. of Wausau</u>, 109 F.R.D. 55, 57 (D. Colo. 1985).

Costco, as the party resisting discovery, has the burden of establishing that the items in its

insurance adjustor's files were prepared in anticipation of litigation, Peat, Marwick, Mitchell & Co., v. West, 748 F.2d 540, 542 (10th Cir. 1984) cert. denied 469 U.S. 1199 (1985).

This court has reviewed the materials submitted by Costco "to determine when the focus shifted from routine claims investigation to anticipation of litigation." Wikel, 197 FRD at 496. The court finds that the focus shifted on May 27, 2009. Prior to that date, the file documents routine claims investigation and attempts at settlement.

I note, however, that the insurance adjustor's files contain information related to reserves and adjustors' opinions regarding percentages of fault. I find that this information is not relevant, nor it is reasonably calculated to lead to the discovery of admissible evidence.

**IT IS HEREBY ORDERED AS FOLLOWS**:

1) Costco shall produce pp. 1-79 of its insurance adjustor's file. The numbering referred to here appears the upper right hand corner of the materials submitted to the court for *in camera* inspection.

2) Costco may redact from pp. 1-79, all references to reserves and opinions regarding percentages of fault.

3) Costco shall provide these documents to Plaintiff's counsel within fourteen (14) days of the date of this Order.

4) Pages 80-99 of Costco's insurance adjustor's file were prepared in anticipation of litigation, and are not subject to discovery.

**IT IS SO ORDERED**.

_____
Richard L. Puglisi
Chief United States Magistrate Judge